c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KATHERINE M. GORDON<br>Plaintiff | CIVIL ACTION NO. 1:18-CV-00075 |
| VERSUS | JUDGE DRELL |
| STATE OF LOUISIANA, *et al.*<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (Doc. 13) filed by Defendants State of Louisiana ("the State") and Johnny Qualls ("Qualls") (collectively, "Defendants"). Pro se Plaintiff Katherine M. Gordon ("Gordon") did not oppose. Because Gordon's claims are time-barred, Defendants' Motion to Dismiss (Doc. 13) should be granted.

### I.   Background

On January 19, 2018, Gordon, proceeding *in forma pauperis*, filed a civil rights action against Defendants. (Doc. 1). Gordon alleges she began employment on or about July 2007 with the State's Office of Youth Development (currently named Office of Juvenile Justice) as a temporary Probation and Parole Officer for Juveniles ("PPO1/J"). (Doc. 1). Gordon alleges in early August 2007, she was promoted to a classified permanent position as a "PPO1/J." (Doc. 1). Gordon asserts that, according to policy, she had to become POST certified before completion of her first year in the position. (Doc. 1).

At approximately six months on the job, Gordon applied for Alexandria Police Academy. (Doc. 1). Gordon admits she did not meet the push-up requirements.

1

(Doc. 1). Gordon asserts Qualls found that unacceptable. (Doc. 1). Gordon asserts Qualls was aware she was born with Congenital Heart Failure, which she disclosed upon accepting the job offer. (Doc. 1). Gordon alleges Qualls assured her she would have another opportunity to become POST certified before her first year. (Doc. 1). Defendants allegedly failed to facilitate Gordon's attempt to become POST certified after her first failure to meet the requirements. (Doc. 1, p. 2-3).

Qualls informed Gordon he was sending her to attend New Iberia's Police Academy as it has less physical requirements. (Doc. 1). Gordon alleges that around April 2008, Qualls informed her the States was no longer paying for Juvenile Probation and Parole Officers to go to the New Iberia Academy because the Alexandria Police Academy was more economically feasible. (Doc. 1). Gordon alleges she was offered to attend the New Iberia Police Academy at her own cost, but after some time Qualls made contact with the State. The State informed Gordon the Alexandria Police Academy was her only option. (Doc. 1). Gordon alleges that in May 2008 she told Qualls she wanted to send her application to the Alexandria Police Academy. (Doc. 1).

Gordon further alleges Qualls, a regional manager, had her sign a "waiver form" without letting her read it. (Doc. 1). Gordon asserts Qualls told her she had to sign it due to her congenital heart condition, as it was a liability to the State and the Alexandria Police Department. (Doc. 1). She signed the waiver, and told Qualls she wanted to become POST certified. (Doc. 1). Gordon alleges that in June 2008, Qualls told her the academy was cancelled and he wasn't certain when the next one

2

was scheduled. (Doc. 1). Gordon alleges that at the end of June 2008, Defendants told her she had to resign at her first year, July 8, 2008. (Doc. 1). Gordon alleges Defendants told her if she did not, she would be fired. (Doc. 1).

Gordon alleges that during her employment, Qualls made nasty comments about employers of other agencies. (Doc. 1). Gordon asserts Qualls sabotaged her career for reporting him. (Doc. 1). Gordon alleges Defendants harassed her and discriminated against her because of her race, sex, and class. (Doc. 1). Gordon claims her First Amendment rights have been violated by the State. (Doc. 1). Gordon alleges she has passed state tests, and applied for hundreds, if not thousands, of jobs over a 12-year span with the State. (Doc. 1).

Gordon asserts Defendants are liable for discrimination, retaliation, hostile work environment, and constructive discharge under the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Constitution. (Doc. 1). Gordon seeks compensatory and punitive damages against Defendants. (Doc. 1). Gordon seeks to enjoin and order Defendants to implement a policy and training program to eliminate employment discrimination, workplace harassment, ADA violations, and constitutional rights violations. (Doc. 1). Defendants filed a Motion to Dismiss (Doc. 13), seeking dismissal for failure to state a claim. (Doc. 13). Gordon did not oppose the motion.

II. <u>Law and Analysis</u>

    A. <u>Standards governing the Motion to Dismiss.</u>

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter accepted as true," to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Plausibility does not equate to possibility or probability; it lies somewhere in between. <u>Id.</u> Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. See <u>Twombly</u>, 550 U.S. at 556. The court must view all well-pleaded facts in the light most favorable to the plaintiff. <u>Yumilicious Francise, L.L.C. v. Barrie</u>, 819 F.3d 170, 174 (5th Cir. 2016).

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. <u>Iqbal</u>, 556 U.S. at 678. A pleading comprised of labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement, will not stand. <u>Id.</u> Similarly, where the well-pleaded facts do not

permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 679.

In determining whether a complaint states a plausible claim for relief, a court draws on its judicial experience and common sense. Id. In considering a motion to dismiss, a court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Id.

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." Hernandez v. Ikon Ofc. Solutions, Inc., 306 Fed.Appx. 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). However, that general rule does not apply if an amendment would be futile. Townsend v. BAC Home Loans Serv'g, L.P., 461 Fed.App'x. 367, 372 (5th Cir. 2011); Jaso v. The Coca Cola Co., 435 Fed.App'x. 346, 351–52 (5th Cir. 2011). Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000) (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 Fed.App'x. 366, 367 (5th Cir. 2010). With respect to a statute of limitations defense, dismissal for failure to state

a claim is proper when "it is evident from the pleadings that the action is barred and the pleadings fail to raise some basis for tolling." Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003), 339 F.3d at 366; accord Jaso, 435 F. App'x at 351-52.

### B. Gordon's claims under Title VII and ADA should be dismissed for failure to exhaust administrative remedies.

Both Title VII and the ADA require employees to exhaust their administrative remedies before seeking judicial relief. See McClain v. Lufkin Indus., 519 F.3d 264, 273 (5th Cir. 2008); Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996). Exhaustion occurs when the plaintiff timely files an administrative charge with the Equal Employment Opportunity Commission ("EEOC") and receives a statutory notice of right to sue. Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002). A failure to file a charge with EEOC could render a Rule 12(b)(6) dismissal of the action. Id. (dismissing a discrimination claim under Title VII because of a plaintiff's failure to timely file a charge with EEOC); Dao, 96 F.3d at 789 (affirming dismissal of an ADA claim because plaintiff did not file a disability discrimination charge with the EEOC). Here, no evidence in the record indicates that Gordon has filed a charge with EEOC. Accordingly, Gordon's claims under Title VII and ADA should be dismissed.

### III. Conclusion

IT IS RECOMMENDED that Defendants' Motion to Dismiss (Doc. 13) be GRANTED. Gordon's complaint should be DISMISSED WITH PREJUDICE, as Gordon's claims are not exhausted.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __9th__ day of October, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge