U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 12 2018

TONY R. MOORE, CLERK
BY: _____
    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

KATHERINE MAE GORDON         CASE NO. 18-CV-00075

-vs-                         JUDGE DRELL

STATE OF LOUISIANA, ET AL.   MAG. JUDGE PEREZ-MONTES

## JUDGMENT

For the reasons contained in the Report and Recommendation of the magistrate judge previously filed herein (Doc. 31), noting the absence of objections thereto and concurring with the proposed findings of the magistrate judge as correct under applicable law and jurisprudence, it is hereby

ORDERED that defendants' Motion to Dismiss (Doc. 13) is GRANTED and, accordingly, plaintiff's complaint is DENIED and DISMISSED with prejudice based on failure to exhaust.

In so ruling, however, we note several other things. The Report and Recommendation begins by suggesting the suit should be dismissed because the claims are time-barred, but concludes that dismissal is warranted based on plaintiff's failure to exhaust her claims. Specifically, the magistrate judge concurs with the State of Louisiana's argument that plaintiff failed to submit her claims to the Equal Employment Opportunity Commission for administrative review prior to the filing of her complaint in this court. In that respect, the Report and Recommendation is entirely correct.

The Report and Recommendation is also correct in concluding that plaintiff's claims are now time-barred. Under the law, Gordon was required to file a charge of discrimination with the EEOC within 300 days of the alleged discrimination, but apparently failed to do so. 42 U.S.C. §

1

2000e-5.  Plaintiff's complaint in the case now before us was filed in January of 2018.  (Doc. 1). Plaintiff's allegations concern events occurring in or before 2008.  (Id. at ¶¶ 5 – 13). We are not able to determine the overall merit of any claims plaintiff might have filed, had she done so timely. At this point, however, the court has no authority to adjudicate a claim that is time-barred.  The law only allows a certain amount of time for a person to act upon a claim.  Once that time passes, the claim is lost.  This is precisely what has occurred in this case.

Based on our finding that plaintiff's claims must be dismissed, we do not reach her more recent requests for appointment of counsel, or for additional time in which to file objections. Accordingly, plaintiff's motion to appoint counsel and for other various reliefs (Doc. 33) is DENIED as MOOT.  We do note, however, that we are aware from this motion of plaintiff's recent medical issues and wish her a good and speedy recovery.

THUS DONE AND SIGNED this 12th day of December, 2019 at Alexandria, Louisiana.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT